IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**YVETTE RAMIREZ,**
     **Plaintiff,**

v.    No:  5:07cv6/SPM/MD

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
     **Defendant.**

_____

**REPORT AND RECOMMENDATION**

     This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Ramirez' application for disability insurance benefits and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Act.

     Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

Plaintiff filed applications for disability and SSI benefits which were denied initially and on reconsideration. She requested a hearing before an administrative law judge (ALJ), and a hearing was held on April 6, 2006 at which plaintiff was represented by counsel and testified. A vocational expert also testified. The ALJ rendered an unfavorable decision on July 21, 2006 (tr. 20), and the Appeals Council declined review (tr. 6-8), making the decision of the ALJ the final decision of the Commissioner, and therefore subject to review in this court. *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998). This appeal followed.

## FINDINGS OF THE ALJ

Relevant to the issues raised in this appeal, the ALJ found that plaintiff has severe conditions of late effects of poliomyelitis, degenerative changes of the lumbar spine and left hip, a history of non-Hodgkin's lymphoma and osteoarthritis of the left knee, but that she did not have a condition or combination of conditions that met or equaled one of the conditions listed in App. 1, Subpt. P, Regulations No. 4; that she had the residual functional capacity to perform the full range of sedentary work and could perform the duties of her past relevant work as a telemarketer; and that she was not disabled as defined in the Act.

## STANDARD OF REVIEW

The ALJ's decision will be reversed only if it is not supported by substantial evidence. *Falge, supra*. The court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether it is premised upon correct legal principles. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). In determining whether substantial

evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). Findings of fact by the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps. A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

**The claimant bears the burden of establishing a severe impairment that keeps her from performing her past work.  If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.  *Chester v. Bowen*, supra, 792 F.2d at 131; *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, claimant must prove that she cannot perform the work suggested by the Commissioner.  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).**

## PLAINTIFF'S MEDICAL HISTORY

**The first two grounds for reversal advanced in this appeal relate to plaintiff's mental condition.  Plaintiff contends that she has mental problems that adversely affect her employability, and that the ALJ did not properly address these problems.  Consequently, a full review of plaintiff's physical limitations is unnecessary.  They may be stated briefly, however.  The ALJ found based on the evidence that plaintiff had severe conditions of (1) late effects of poliomyelitis, (2) degenerative changes of the lumbar spine and left hip, (3) a history of non-Hodgkin's lymphoma and (4) osteoarthritis of the left knee.  The ALJ did not find that plaintiff's mental condition was severe.  Indeed, the ALJ did not mention plaintiff's mental status at all.**

**The medical record is devoid of any mention of a mental defect.  The only entry in the medical record that remotely relates to plaintiff's mental status is an entry by a consulting physician, Dr. Zawahry, who noted in passing that plaintiff was mentally alert and cooperative (tr. 146).  The only other evidence touching on plaintiff's mental status came from the plaintiff in the following instances: (1) in a disability report dated September 20, 2004 plaintiff indicated that she was "stressed out - can't go out in public places due to worried about sickness" (tr. 120); (2) in a disability report dated December 6, 2004 plaintiff indicated that she was "stressed out, depressed because I can't afford going to Dr's for test and treatment" (tr. 131);**

(3) at the hearing before the ALJ she testified that she had been "very stressed out recently" because she had not "been able to get the medical attention I need, and so I get a little angry at times where I don't feel like I can cope" (tr. 228-29). Plaintiff further testified that she had been to a psychologist once when she had cancer, but did not return because she was moving (tr. 229).

The third ground for relief relates to plaintiff's physical condition in a very limited respect. She argues that she has diarrhea that debilitates her for several days at a time. However, plaintiff has not pointed to any medical evidence in the record indicating that plaintiff suffered from diarrhea, nor has the court found any.

## DISCUSSION

The plaintiff argues that the ALJ erred in failing to order a consultative psychological examination, in making a mental residual functional capacity determination without evidence of plaintiff's mental status, and in finding that plaintiff could do sedentary work, and that plaintiff was disabled from her onset date as a matter of law. The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained. The issue thus presented is whether the ALJ's decision that the plaintiff was not disabled, in light of her physical and mental condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

> 1, 2. <u>Failure to order psychological consultation and erroneous residual functional capacity determination.</u>

Plaintiff first argues that the ALJ should have ordered a psychological consultation, and that in failing to do so, he erroneously made a mental residual functional capacity determination without the benefit of any expert opinion on plaintiff's mental health. Neither of these grounds have merit. The Social Security disability benefits process is inquisitorial rather than adversarial, *Sims v. Apfel*, 530

U.S. 103, 110-111, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000), *Crawford & Company v. Apfel,* 235 F.3d 1298 (11th Cir. 2000), and is informal. *Richardson v. Perales,* 402 U.S. 389, 400-401, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971); *Kendrick v. Shalala*, 998 F.2d 455, 456 (7th Cir. 1993); 20 C.F.R. § 404.900(b). With informality comes a duty to develop a complete record as is done by European magistrates. *Id.* It is well established in this Circuit that the ALJ has an affirmative duty to develop a full and fair record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *Lucas v. Sullivan*, 918 F.2d 1567, 1573 (11th Cir. 1990); *Smith v. Bowen,* 792 F.2d 1547, 1551 (11th Cir. 1986); *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The duty to develop the record exists even though the plaintiff is represented by a lawyer or paralegal. *Brown*, 44 F.3d at 934 (citing *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. Unit B July 1981)); *Smith*, 792 F.2d at 1551 (citing *Cowart*, 662 F.2d at 735). This duty requires that the ALJ "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited," *Cowart*, 662 F.2d at 735 (citations omitted), and "investigate the facts and develop the arguments both for and against granting benefits." *Crawford & Company, supra*, 235 F.3d at 1304.

That does not mean, however, that the ALJ must search to the last document to find every possible piece of relevant evidence. Rather, he must have sufficient evidence to decide the case. The seminal cases in this circuit on the ALJ's duty to develop the record are *Ford v. Secretary of Health and Human Services*, 659 F.2d 66 (5th Cir. Unit B October. 15, 1981) and *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984). Both held that it is not necessary for the ALJ to order a consultative examination unless the record established that such an examination was necessary to enable the ALJ to make a decision. Where he has sufficient information to decide the case, however, he can do so. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (holding that where the record is complete and adequate to a decision, no showing of prejudice is made).

Here the ALJ had no indication whatsoever from any medical source that plaintiff's mental health was compromised. The only evidence in that regard (other than Dr. Zawahry's note that she was mentally alert and cooperative) were plaintiff's own statements. However, each statement was qualified - she was "stressed out" because of her inability to get medical help and fear of getting sick - but there was nothing in what plaintiff said that would put the ALJ on notice that plaintiff was suffering from a severe mental deficiency. Plaintiff has not pointed the court to any authority, nor has it found any, that would require an ALJ to seek a psychological consultation under these facts. It was appropriate for the ALJ to determine, on the evidence before her, that plaintiff's mental health was not an issue.

However, plaintiff does point to a Social Security Ruling, SSR 03-1P. There, the Commissioner discusses the physical and mental problems frequently experienced by polio survivors, particularly those who have aged to the point that their childhood disease begins again to affect their health adversely. The ruling notes that the psychological impact of this process can be severe. However, the ruling also states that the Commissioner will rely on documentation provided by treating physicians to establish postpolio sequella as a medically determinable impairment. Nowhere does the ruling imply, much less require, that the ALJ seek a psychological consultation on the sketchy evidence relied on by plaintiff here. Plaintiff has the burden of proving disability. *Chester v. Bowen*, *supra*. There was sufficient evidence in the record for the ALJ to make her determination, and there was no error in failing to obtain a psychological evaluation or in failing to find that plaintiff had a severe mental condition.

3. <u>Physical residual functional capacity.</u>

Finally, plaintiff contends that the ALJ erred in finding that she could perform sedentary work in light of her problem with diarrhea. She argues that she has diarrhea weekly, lasting for three or four days. The entirety of her legal argument is that "[t]here is no way that a person can maintain a normal work schedule with

chronic diarrhea that debilitates her for several days at a time." (Doc. 15, pp. 17-18). That may be true, but the ALJ did not accept plaintiff's testimony that her diarrhea was so debilitating. She specifically found that plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 18). The ALJ noted that there was nothing in the medical record to support plaintiff's claimed disability, and although the ALJ did not mention plaintiff's diarrhea specifically, neither did the medical record.

For all of the foregoing reasons, plaintiff has failed to show that the Commissioner's decision should be reversed. Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 31st day of October, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**